IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KARRY WHITTEN,<br><br><br>Plaintiff,<br><br><br>vs.<br><br><br>CITIBANK N.A., et al.,<br><br><br>Defendants. | **4:24CV3145**<br><br><br><br><br>**MEMORANDUM AND ORDER** |
| KARRY WHITTEN, on behalf of herself and others similarly situated;<br><br><br>Plaintiff,<br><br><br>vs.<br><br><br>RESURGENT CAPITAL SERVICES, LP, LVNV FUNDING LLC,  SHERMAN FINANCIAL GROUP, LLC, and MESSERLI & KRAMER, P.A.,<br><br><br>Defendants. | **8:25CV661**<br><br><br><br><br>**MEMORANDUM AND ORDER** |

1

This matter is before the Court on Karry Whitten's Motion to Consolidate. Filing No. 61.[1] Whitten moves to consolidate two cases: 4:24CV3145 (the "Citibank action") and 8:25CV661 (the "Resurgent action").

Federal Rule of Civil Procedure 42(a) allows the Court to consolidate actions involving "a common question of law or fact." "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 584 U.S. 59, 77 (2018). "Consolidation is inappropriate . . . if it leads to inefficiency, inconvenience, or unfair prejudice to a party." *E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998).

These cases are at different procedural stages. The Citibank action is a case brought by Karry Whitten against Citibank, N.A. ("Citibank") and LVNV Funding, LLC ("LVNV"). In this action, the Court granted Citibank's motion to compel arbitration. The Court directed Whitten and Citibank to proceed to arbitration and stayed the claims against LVNV. Filing No. 28. Arbitration has not commenced, in part because Plaintiff subsequently filed a motion seeking relief that the Court granted in part and denied in part. Filing No. 50. Plaintiff's objection to the Court's order on this motion is currently pending. *See* Filing No. 54.

The Resurgent action is a putative class action brought by Karry Whitten on behalf of a putative class against Resurgent Capital Services, LP ("Resurgent"), LVNV Funding LLC, Sherman Financial Group, LLC, Messerli & Kramer, P.A., and unknown John Doe law firms. Whitten recently amended the complaint as of right, Filing No. 14, 8:25CV661, after Resurgent moved to dismiss. Filing No. 9, 8:25CV661. Whitten has not served the amended complaint on LVNV, Sherman Financial Group, LLC, or Messerli & Kramer, P.A. and all named defendants, including Resurgent, still need to respond to the amended complaint.

---

[1]  Whitten only filed her motion in the Citibank action. Unless otherwise indicated, all citations to the docket refer to filings in the Citibank action.

At this time, consolidating these cases would not promote judicial economy. Even if these cases involve common questions of law and fact, the different procedural postures of these cases would result in inconvenience and inefficiency upon consolidation. Whitten's Motion to Consolidate, Filing No. 61, is denied.

IT IS SO ORDERED.

Dated this 5th day of March, 2026.

BY THE COURT:


*s/ Jacqueline M. DeLuca*

United States Magistrate Judge