IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

KARRY WHITTEN,

Plaintiff,

vs.

CITIBANK, N.A., and  LVNV FUNDING, LLC,

Defendants.

**4:24CV3145**

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Objection to the Magistrate Judge's Memorandum and Order dated December 29, 2025.  (Filing No. 54.)  For the reasons explained below, the Objection will be overruled.

**BACKGROUND**

This suit arises from a credit card agreement between Plaintiff and Defendant Citibank, N.A. ("Citibank").  The card agreement contained an arbitration provision.  Plaintiff filed this suit on August 19, 2024, alleging claims against Citibank for alleged violations of the Fair Debt Credit Reporting Act and the Fair Credit Report Act.  (Filing No. 1.) Plaintiff also asserted claims against LVNV Funding, LLC ("LVNV"), who Plaintiff claims is a debt collector.  (Filing No. 1.)

On November 15, 2024, Citibank filed a motion to compel arbitration.  (Filing No. 11.)  In support of its motion, Citibank provided the Court with two Declarations of Kelly Booth, one dated November 15, 2024, and one dated December 10, 2024.  (Filing No. 13; Filing No. 21.) The Magistrate Judge issued an order granting Citibank's motion to compel arbitration on March 5, 2025.  (Filing No. 28.)  The order stayed these proceedings and directed Plaintiff and Citibank to

file a joint status report regarding the progress of arbitration every ninety days beginning June 3, 2025.  (Filing No. 28.)  Plaintiff did not object to this order.

On June 2, 2025, the parties filed a status report, advising the Court that arbitration had not commenced.  (Filing No. 29.)  On September 2, 2025, the parties filed another status report, stating that Plaintiff was investigating the proper forum for arbitration.  (Filing No. 32.)  On September 9, 2025, the Magistrate Judge issued an order directing the parties to file a joint report regarding the progress of arbitration by October 9, 2025, and if arbitration had not commenced by that point, the parties were to explain, in detail, the reason for the delay.  (Filing No. 33.)

Citibank submitted a status report on October 9, 2025, indicating that Plaintiff submitted a demand for arbitration using the JAMS mediation service, instead of the American Arbitration Association ("AAA"), as set out in the card agreement between the parties.  (Filing No. 34.) Rather than filing a status report, Plaintiff filed a "Motion for Order for Defendants to Provide the Provenance of Declarations of Kelly Booth, and Motion to Stay Obligation to File Status Report and Comply with March 3, 2025 Order Compelling Arbitration."  (Filing No. 35.)

In her motion, Plaintiff argued the Declarations of Kelly Booth that were submitted to support the motion to compel arbitration were forged, improperly electronically executed, and contained misrepresentations based upon a declaration filed by LVNV in a separate state court action.  The alleged misrepresentation pertained to what card agreement between Plaintiff and Citibank is controlling for purposes of this litigation.  Records reflect that there are card agreements from both 2016 and 2020.  Significantly, however, each of the agreements contain the same arbitration language. Plaintiff's motion asserted that Booth's Declaration contained misrepresentations as to which card agreement governs and requested that the Court:

a.  Stay the requirements imposed on Plaintiff in the September 9, 2025 Order and the March 5, 2025 Memorandum and Order in this case pending a ruling on the motions below.

b.  Require Defendants to provide the Court and Plaintiff the provenance of the Declarations submitted in this action by ordering Defendants to provide the following information under oath:

i.      The name of any drafters of the Declarations of Kelly Booth submitted in this action (the "Declarations") and their location when they participated in drafting the document; and

    ii.      All metadata available in Defendants' computer program(s) and systems utilized to produce the Declarations including descriptive details about the file containing the draft(s) the author of the drafts, and revision history; and

    iii.     All non-privileged communications regarding the Declarations and a privilege log describing any communications regarding the Declarations and a privilege log describing any communications regarding the Declarations.

(Filing No. 35.)  In Plaintiff's reply brief in support of her motion, she also argued that LVNV, not Citibank, is the only party with standing to compel arbitration due to Citibank's assignment of the card agreement to LVNV.  Plaintiff claims she did not waive this argument by not raising it during briefing on the motion to compel arbitration because, according to her, standing—like subject-matter jurisdiction—is never waived.[1]  (Filing No. 44.)

On December 29, 2025, the Magistrate Judge entered the memorandum and order that is at the center of Plaintiff's current Objection.  (Filing No. 50.) The Magistrate Judge's order granted Plaintiff's "Motion for Order for Defendants to Provide the Provenance of Declarations of Kelly Booth, and Motion to Stay Obligation to File Status Report and Comply with March 3, 2025 Order Compelling Arbitration" in part and denied it in part.  The Magistrate Judge construed Plaintiff's motion as one for sanctions under the Court's inherent powers and/or a motion pursuant to Fed. R. Civ. P. 60(b)[2] for either newly discovered evidence or purported misrepresentation or misconduct by an opposing party.

The Magistrate Judge acknowledged in her memorandum and order that while Plaintiff's requested relief was for information related to the provenance of the Booth Declarations, Plaintiff was ultimately seeking relief from the Court's March 5, 2025 order compelling arbitration.  The Magistrate Judge determined that to the extent Rule 60(b) applied, there was no basis for relief

---

[1] Plaintiff attempted to characterize her standing argument as responsive to the arguments Citibank made in its brief in opposition to Plaintiff's Motion for Order for Defendants to Provide the Provenance of Declarations of Kelly Booth. (Filing No. 44.)  The Magistrate Judge noted, she had "significant doubts" that this was the case." (Filing No. 50.) The Magistrate Judge determined that the argument was being raised for the first time and therefore considered the sur-reply brief submitted by Citibank before addressing standing in the memorandum and order.  (Filing No. 50.)

[2] Rule 60(b) provides that a court may grant a party relief from a final order due to (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.  Fed. R. Civ. P. 60(b).

3

because all of Plaintiff's arguments relating to newly discovered evidence and misrepresentations were untimely and available to Plaintiff when the motion to compel arbitration was filed.  For this reason, the Magistrate Judge also determined there was no basis for sanctions.  The Magistrate Judge did, however, order Citibank to provide a declaration from one of its representatives outlining and attaching all agreements concerning Plaintiff's account.  Citibank was also ordered to take a position on what card agreement is controlling in this litigation.

As to the standing issue, the Magistrate Judge found Plaintiff's arguments untimely because Plaintiff knew about the assignment and thus could have made an argument regarding the survivability of Citibank's right to compel arbitration at the time the motion to compel arbitration was filed.  Also, in a footnote, the Magistrate Judge stated that Plaintiff was conflating the concepts of standing and subject-matter jurisdiction.

## DISCUSSION

Plaintiff argues that the Magistrate Judge's order failed to properly handle purported "jurisdictional" defects in this case. Plaintiff claims that (1) the Magistrate Judge's order was dispositive and, therefore, the Magistrate Judge should have issued a findings and recommendation—rather than a memorandum and order; (2) the Magistrate Judge did not properly address whether Citibank had standing to compel arbitration after assigning its rights to LVNV and (3) the Magistrate Judge failed to recognize that Citibank had the burden of proving it had standing to compel arbitration and that Citibank did not meet this burden.  Each of these arguments are unpersuasive.

### 1.  Magistrate Judge's Authority to Issue Order

Plaintiff claims that the Magistrate Judge lacked authority under 28 U.S.C. § 636(b)(1) to enter the memorandum and order at issue. Plaintiff characterizes his "Motion for Order for Defendants to Provide the Provenance" as one seeking relief from the March 3, 2025 order compelling arbitration and, therefore, dispositive. Thus, according to Plaintiff, the Magistrate Judge should have issued a findings and recommendation—not a memorandum and order.  There are a few problems with Plaintiff's argument.

First, Plaintiff's motion was an effort to establish the authenticity (or lack thereof) of declarations used in connection with the motion to compel arbitration. The motion was primarily seeking discovery, which is within the lane of a magistrate judge. Moreover, judges within the District of Nebraska have concluded that motions to arbitrate are non-dispositive and may be ruled upon by magistrate judges. *See All. Group, Inc. v. Zurich Am. Ins. Co.*, No. 8:21CV188, 2021 WL 5325883, at *1 (D. Neb. Nov. 16, 2021) ("This Court agrees with those courts holding that a motion to compel arbitration is a non-dispositive motion and can be decided by a magistrate judge"); *Credit Suisse Sec., (USA) LLC v. Hilliard*, No. 8:07CV17-LSC-FG3, 2007 WL 2137824, at *2 (D. Neb. July 23, 2007) ("I view the Defendants' motion to compel arbitration as a pretrial matter not dispositive of a claim or defense, and, therefore, Judge Gossett's order granting the motion will be modified or set aside only if clearly erroneous or contrary to law."). This Court agrees with the reasoning of these earlier decisions. Therefore, the Magistrate Judge's issuance of an order—as opposed to a findings and recommendation—was appropriate.

Second, the Court notes that regardless of the dispositive or non-dispositive nature of the motion to compel arbitration, Plaintiff could have filed an objection to the Magistrate Judge's order as provided in this Court's local rules. *See* NECivR 72.2 (providing that a party may object to a magistrate judge's order in a nondispositive or dispositive matter within 14 days after being served with the magistrate judge's order). Plaintiff elected not to do so. Instead, Plaintiff sought to arbitrate before JAMS and relitigate the motion to compel arbitration by filing its motion seeking to establish the "provenance" of the Declarations and inserting new arguments. Plaintiff's argument that the Magistrate Judge lacked the authority to issue an order upon his "Motion for Order for Defendants to Provide the Provenance" or to enter the arbitration order lacks merit.

### 2. Standing

Plaintiff argues the Magistrate Judge did not properly address whether Citibank had Article III standing to compel arbitration. Plaintiff maintains that the card agreement was assigned to LVNV and therefore LVNV is the only defendant who possesses standing to enforce the arbitration agreement. The Magistrate Judge rejected this argument finding that all the information Plaintiff relied upon to claim lack of standing was information Plaintiff necessarily knew prior to the original arbitration order and, therefore, Plaintiff's argument in this regard was untimely. Plaintiff

objects to this finding, arguing that "standing . . . can never be waived."  (Filing No. 54.) Plaintiff alternatively argues that even if her argument does not implicate standing in the "traditional sense," the underlying question still remains: whether, as a matter of contract law, Citibank possesses the right to compel arbitration after the assignment. Plaintiff claims this is not a "new" argument—rather—she is pointing to evidence that contradicts Citibank's position that it can enforce the arbitration clause.  The Court is not persuaded by Plaintiff's arguments.

To establish Article III standing, a plaintiff must show (1) an injury in fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Id.*  Where a plaintiff lacks standing, the court has no subject matter jurisdiction. *Young America Corp. v. Affiliated Comput. Servs., Inc.*, 424 F.3d 840, 843 (8th Cir. 2005).

However, Article III standing and standing for purposes of enforcing a contractual arbitration provision are not the same.  The issue of whether a party can assert a right to arbitrate is "not a jurisdictional one." *Lloyd v. HOVENSA, LLC*, 369 F.3d 263, 272 (3d Cir. 2004) (finding that the plaintiff was "mistaken . . . in equating the doctrine of Article III constitutional standing with the 'standing' required to compel arbitration").  *See also Env't Barrier Co. LLC v. Slurry Sys., Inc.*, 540 F.3d 598, 606 (7th Cir. 2008) ("[T]he right to a judicial determination of arbitrability is, like many rights, one that can be waived").  The Magistrate Judge was correct in her determination that Plaintiff possessed the information necessary to raise the standing issue at the time the motion to compel arbitration was briefed and under consideration.  Plaintiff did not do so. Therefore, the Magistrate Judge was right in concluding that Plaintiff's argument that Citibank did not have standing to enforce the arbitration provision was untimely.

Frankly, if Plaintiff wanted to challenge the Magistrate Judge's arbitration order, she should have pursued it another way, rather than waiting seven months and then filing a motion for "provenance" in which additional arguments were asserted to relitigate the motion to compel and backdoor an appeal of the arbitration order. Plaintiff's present objection is likewise focused on getting the Court to reconsider the earlier ruling pertaining to arbitration.  The Court will not do so.  The Court will not allow Plaintiff to mischaracterize a motion and objection to obtain relief

6

she should have sought over a year ago. As the Magistrate Judge found, all the information that Plaintiff claims entitles her to relief was available to her at the time the motion to compel was briefed and under consideration. The existence of a second card agreement has no relevance to the standing question or the arbitration order, as the arbitration provisions in each of the agreements are the same.[3] Arbitration must occur without further delay.[4]

Accordingly,

**IT IS ORDERED** that Plaintiff's Objection to the Magistrate Judge's Memorandum and Order dated December 29, 2025 is overruled. (Filing No. 54.) Plaintiff must immediately commence arbitration proceedings. The parties shall provide a joint status report advising the Court as to the status of arbitration no later than August 5, 2026.

Dated this 6th day of July, 2026.

BY THE COURT:

Susan M Bazis

Susan M. Bazis
United States District Judge

---

[3] The Court acknowledges Plaintiff's sur-reply which pointed out that the 2016 agreement was the only one which permitted Plaintiff to "opt-out" of the arbitration provision. (Filing No. 57-1.) This change makes no difference in the Court's analysis. Plaintiff did not exercise her right to opt-out of the arbitration clause contained in the 2016 agreement and did not have the ability to do so under the 2020 agreement. Simply put, under either agreement, Plaintiff is obligated to arbitrate this dispute.

[4] Plaintiff also argues that a stay of the litigation against LVNV pending arbitration is "unfair," and that the Court should take judicial notice of state court filings. (Filing No. 54.) These issues were not presented to the Magistrate Judge and will not be considered by this Court through an Objection to the Magistrate Judge's memorandum and order. *See Dusseldorp v. Cont'l Cas. Co.*, 951 F.3d 981, 985 (8th Cir. 2020) ("The district court overruled this objection because it was not presented to the magistrate judge. We agree the issue was therefore forfeited.").

7